MEMORANDUM OF DECISION
This case presents a petition for the termination of the CT Page 10754 parental rights of Victoria S., female biological parent of Priscilla R., a child born on September 18, 1986, and for the termination of the rights of the child's male biological parent, Jamie R. A Consent to Terminate Parental Rights was filed by the children's female biological parent on August 26, 1997. The male biological parent has not signed a consent and, accordingly, certain findings must be made with respect to this individual.
With respect to the consent which has been signed and presented to the court, this consent has been found to have been voluntarily and knowingly executed with the advice and assistance of competent legal counsel and with a full understanding of the legal consequences of her actions (Dyer, J.).
The court finds that the male biological parent has been served on three occasions, i.e by abode service on February 22, 1997; by publication in the Bristol Press, on April 15, 1997, and by subsequent order of notice (Ward, J.) of the pendency and date of the present hearing, published on September 24, 1997. The court finds that Jamie R. has had constructive notice of the pendency of this proceeding and has failed to appear for the termination of parental rights hearing. The petitioner orally amended the petition to claim consent for termination of parental rights by the mother. The amendment was granted by the court without objection. The court has jurisdiction in this matter; there is no pending action affecting custody of the child in any other court and reasonable efforts have been made to reunify this family.
The court having read the verified petition, the social study (Petitioner's Exhibit #1), and having heard the testimony of social worker, Dante D. Valentino, the author of the social study, makes the following findings by clear and convincing evidence.
The court finds the following relevant facts. Dante Valentino testified that this case was assigned to him three years ago, with the goal that the father would be reunified with the child. An evaluation was scheduled and the mother refused to go twice. Jamie R., the father, went to the evaluation which resulted favorably, and reunification efforts were expanded. He was offered more visitation, but he had not been fully compliant with prior visitation and was not compliant with expanded opportunities. He was offered counseling at the Village for Children and Families in Hartford, but he didn't follow through CT Page 10755 on that either. His visitation soon ended and he has not elected to visit the child in well over a year. He is aware of the child's foster care placement, he has been afforded the opportunity to attend administrative case reviews regarding his child's present and future care. He has abdicated all parental responsibility. He has not served nor offered to serve as a parental resource for the child.
ADJUDICATION
The court finds by clear and convincing evidence, that Jamie R., the father of the minor child, Priscilla Lee R., has abandoned the child in the sense that the parent has failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the child. G.S. 17a-112(c) (3)(A). The court finds that this ground has existed for more than one year.
The mother, Victoria S., has consented to the termination of her parental rights and her consent have been accepted by the court.
MANDATORY FINDINGS
With respect to the mandatory factual findings required by General Statutes § 17a-112(e), [they do not apply to the consenting mother]:
1) The timeliness, nature and extent of services offered. The court finds that parental, psychological and psychiatric services were offered, visitation was offered and foster care was provided by DCF to the father and child. (See Exhibit #1).
2) Whether DCF has made reasonable efforts to reunite the family pursuant to the Adoption Assistance and Child Welfare Act of 1980. The male biological parent, Jamie, took no interest in the child and elected not to participate in offered and available services.
3) The terms of applicable orders entered into and agreed to by any individual or agency and the extent of fulfillment of those obligations, etc. See offer of service, infra.
4) The feelings and emotional ties of the child with respect to the parents and foster parents, etc. Regrettably, the CT Page 10756 psychological evaluation provided optimism for reunification between Priscilla and her father, but the father, in essence, walked away from the child. This court can terminate relationships; it cannot make a parent have or maintain a relationship with a child.
5) As to the age of the child. The child is now eleven years of age. Our Supreme Court has long recognized the deleterious effect of prolonged temporary care of abused and neglected children. In re Juvenile Appeal (84-CD), 189 Conn. 276 (1983). The Appellate Court has also correctly noted, "[b]ecause of the psychological effects of prolonged termination proceedings on young children, time is of the essence. . ." In re Alexander V.,25 Conn. App. 741, 748, 596 A.2d 930 (1992); see generally, JOSEPH GOLDSTEIN, ET AL., BEYOND THE BEST INTERESTS OF THE CHILD (1979), and When Home is No Haven, Child Placement Issues Solnit, Nordhaus and Lord, Yale University Press 1992.
6) The efforts the parents have made to adjust their circumstances or conditions. The male biological parent elected to unilaterally terminate his visitation and not to avail himself of the delivery of services. The court finds that the father in question has been unsuccessful in making any meaningful attempt to adjust his circumstances, conduct or condition to facilitate reunification with Priscilla.
7) The court finds that there has been nothing to prevent the father from maintaining a meaningful relationship with the child. There was no unreasonable conduct on the part of DCF noted.
DISPOSITION
The court finds, based upon the testimony and evidence presented, that it would be in the child's best interest to terminate her parent's rights. This finding is made after considering the child's sense of time, her need for a secure and permanent environment, the relationship that the child has with her foster parents, and the totality of circumstances that the termination of parental rights is in the child's best interest.In re Juvenile Appeal (Anonymous), supra, 177 Conn. at 667-68.
Based upon the foregoing findings, a termination of parental rights shall enter with respect to the mother Victoria and the father, Jamie R. and, accordingly, a termination of their parental rights is ordered. It is further ordered that the CT Page 10757 Commissioner of DCF is appointed statutory parent for the child, Priscilla Lee R. for the purpose of securing an adoptive family. If the foster parents are willing to adopt, it is the court's direction that they receive first consideration. The commissioner shall file with this court no later than 90 days following the date of judgment a written report of efforts to effect such permanent placement and file further reports as are required by State and federal law.
Francis J. Foley, Presiding Judge Child Protection Session